# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| ORLANDO VERDECIA ORTIZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER,<br><br>Respondent. | 5:26-cv-837 |
| ORLANDO VERDECIA ORTIZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER,<br><br>Respondent. | 5:26-cv-849 |

## ORDER

These matters are before the Court on Petitioner Orlando Ortiz's ("Ortiz") 28 U.S.C. § 2241 Petitions in the above-captioned cases and Motions to Consolidate. Dkt. No. 7; Dkt. No. 7. After review, Ortiz's allegations in his Petitions are related to each other. Thus, the Court **GRANTS** Ortiz's Motions and **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Number 5:26-cv-849 upon the record and docket of Civil Action Number 5:26-cv-837; **CONSOLIDATE** Civil Action Numbers 5:26-cv-837

and 5:26-cv-849; **DENY as moot** Respondent's Motion to Dismiss in Case Number 5:26-cv-849; and **CLOSE** Civil Action Number 5:26-cv-849 and enter the appropriate judgment of dismissal. The Court **DIRECTS** the Clerk of Court to refund Ortiz's the $5.00 filing fee paid in Civil Action Number 5:26-cv-849.

**DISCUSSION**

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (explaining courts can consolidate cases under Rule 42(a)). In exercising this discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as

opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

A review of Ortiz's Petitions reveals he seeks his release from detention at the ICE Processing Center. The resolution of the allegations in both Petitions will require application of common factual and legal questions. In light of the facts presented and the factors set forth in Hendrix, the Petitions in these two causes of action should be considered together to ensure consistent rulings.

**CONCLUSION**

For the above-stated reasons, the Court **GRANTS** Ortiz's Motions and **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Number 5:26-cv-849 upon the record and docket of Civil Action Number 5:26-cv-837; **CONSOLIDATE** Civil Action Numbers 5:26-cv-837 and 5:26-cv-849; **DENY as moot** Respondent's Motion to Dismiss in Case Number 5:26-cv-849; and **CLOSE** Civil Action Number 5:26-cv-849 and enter the appropriate judgment of dismissal. The Court **DIRECTS** the Clerk of Court to refund Ortiz's the $5.00 filing fee paid in Civil Action Number 5:26-cv-849.

**SO ORDERED**, this 15 day of September, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA